UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

EMMETT LANIER,

                              Plaintiffs,          **REPORT AND RECOMMENDATION**
                                                           **07 CV 3173 (DLI)(LB)**

        -against-

POLICE OFFICER MARK FURIA,
Shield # 12077; POLICE OFFICER DANIEL
SHERIDAN, Shield # 6816; POLICE OFFICER
JOHN CARRACI, Shield # 1055; POLICE
OFFICER ANDREW CHMIEL, Shield # 4159;
and C-74 ESU 8-19-06 4 Main Cell House
Response Team,

                              Defendants.

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On April 25, 2007, plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 in the Southern District of New York. The case was transferred here on June 11, 2007. By Memorandum and Order dated August 8, 2007, the Court dismissed Mount Sinai Surgical Supervisor as a defendant and referred the case to me for pretrial supervision.

I held an initial telephonic conference with the parties on January 23, 2008 as plaintiff was incarcerated. That same date, I scheduled a telephonic status conference for March 11, 2008. Before the scheduled conference date, defendants' counsel informed the Court that plaintiff had been released from Rikers Island. As Rikers Island was the only address plaintiff provided on his complaint, defendants' counsel advised the Court of the address plaintiff had listed on his complaint to the Civilian Complaint Review Board (CCRB) regarding his underlying arrest. The Court therefore rescheduled the telephonic status conference and ordered the parties to appear on March 26, 2008 at 3:30 p.m. in Court. See docket entry 23. Plaintiff was warned that if he failed to timely

appear on March 26, 2008, I would recommend that this case should be dismissed. Plaintiff failed to appear for the March 26th conference as ordered and has not contacted the Court or defendants' counsel since his release from incarceration. The Court's Order, which was sent to plaintiff at his last-known, pre-arrest address, was not returned to the Court. It is therefore assumed that plaintiff had notice of the Court conference. For these reasons, it is respectfully recommended pursuant to 28 U.S.C. § 636(b) that plaintiff's case should be dismissed.

## DISCUSSION

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[i]f a party or a party's attorney fails to obey a scheduling order or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." Under Rule 37(b)(2)(C), the Court may dismiss the complaint for a party's failure to comply with a Court order. See Fed. R. Civ. P. 37(b)(2)(C) ("... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: ... (C) [a]n order ... dismissing the action or proceeding or any part thereof ...."). The sanction of dismissal "may be imposed even against a plaintiff who is proceeding pro se, so long as warning has been given that noncompliance can result in dismissal." Valentine v. Museum of Modern Art, 29 F.3d 47, 49 (2d Cir. 1994).

Plaintiff was warned by the Court's January 23, 2008 Order that I would recommend that his action should be dismissed if he failed to appear at the March 26, 2008 conference. That Order was sent to plaintiff's last-known, pre-arrest address and has not been returned. Although it is possible that this Order has not reached plaintiff, it is plaintiff's responsibility to keep the Court informed of

his current address. See Roundtree v. Health and Hospitals Police Dept., No 06 Civ. 212 (SAS), 2007 WL 1428428 (S.D.N.Y. May 14, 2007) (citing to Hibbert v. Apfel, No. 99 Civ. 4246, 2000 WL 977683 (S.D.N.Y. July 17, 2000)); see also Handlin v. Garvey, No. 91 Civ. 6777, 1996 WL 673823, at *5 (S.D.N.Y. Nov. 20, 1996) (explaining that the duty to inform the court and defendant of current address is "an obligation that rests with all pro se plaintiffs"). When a *pro se* litigant fails to provide the Court with notice of a change of address and misses a Court conference as a result of this failure, the Court may deny that litigant relief. See, e.g., Dong v. United States, 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004) (dismissing a *pro se* plaintiff's claim when the plaintiff failed to inform the court of his current address, causing the court to lose contact with him for two months).

Plaintiff failed to contact the Court when he was released from incarceration. Plaintiff has not provided a new address to the Court or defendants, or given any indication that he intends to pursue this action. He has apparently abandoned the action. The Court's Order setting the March 26, 2008 conference was entered on January 23, 2008. The Order was mailed to the address plaintiff provided to the CCRB. The Order was not returned to the Court. The Court has no other address for plaintiff. Plaintiff was explicitly warned that the case would be dismissed if he failed to appear. He failed to appear. It is not an efficient use of the Court's resources to permit this case to linger in the hope that plaintiff will reappear in the future. I therefore recommend that plaintiff's action should be dismissed.

## CONCLUSION

Accordingly, it is recommended that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 16(f) and 37(b)(2)(C).

3

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the ten day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital District Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Secretary of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: March 27, 2008
      Brooklyn, New York